UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK MARCELLE, and others similarly
situated,

                Plaintiff,

vs.                                                  Case No. 3:09-cv-82-J-34MCR

AMERICAN NATIONAL DELIVERY, INC. d/b/a
DHL EXPRESS,

                Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Sanctions (Doc. 28) filed October 29, 2009.

**I.    INTRODUCTION**

Plaintiff, Frank Marcelle, brought this action on behalf of himself and those similarly situated, alleging Defendant, American National Delivery Inc., d/b/a DHL Express, violated the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). (Doc. 1). On July 20, 2009, Plaintiff served Defendant with a Notice of Taking Deposition of Organization, seeking to depose Defendant's corporate representative on October 16, 2009. (Doc. 28-A). On October 16, 2009, Defendant's corporate representative failed to appear. (Doc. 28-D).

Plaintiff now moves for sanctions against Defendant pursuant to Federal Rule of Civil Procedure 37. (Doc. 28). On October 30, 2009, this Court entered an order

-1-

directing Defendant to respond to Plaintiff's Motion no later than November 18, 2009, or the Court would proceed to rule as though the Motion were unopposed. (Doc. 28). To date, no response has been filed. Accordingly, this matter is now ripe for judicial determination.

## II.     BACKGROUND FACTS

As abovementioned, on July 20, 2009, Plaintiff served Defendant with a Notice of Taking Deposition of Organization, seeking to depose Defendant's corporate representative. (Doc. 28-A). The deposition was noticed to take place at Gray Robinson, P.A., 50 North Laura Street, Suite 1100, Jacksonville, Florida, 32202 on October 16, 2009. Id. Plaintiff's Notice of Taking Deposition states, "[s]aid deposition is to be taken for discovery purposes, for use as evidence at the trial, or both and shall continue from day to day until concluded." Id. Additionally, Plaintiff's Notice lists specific areas of subject matter which the designated corporate representative should be knowledgeable. The areas of subject matter include, *inter alia*, compensation received by Plaintiff during employment, methods of compensation, hours worked by Plaintiff, and overtime policies and practices. Id.

On October 6, 2009, Defendant's counsel sent Plaintiff's counsel an email stating Defendant "has no employees and therefore has no one who can appear to represent the corporation." (Doc. 28-B). Based on said email, and to avoid unnecessary expense, Plaintiff's counsel amended his Notice of Taking Deposition to reflect that the deposition would be taken telephonically. (Doc. 28, p. 1; 28-C). On October 16, 2009, counsel for the parties appeared telephonically; however, Defendant's corporate

representative failed to appear. (Doc. 28-D). Therefore, Plaintiff brings this unopposed Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37.[1] (Doc. 28).

## III. APPLICABLE LAW

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982). Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), if "a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition" the Court may impose sanctions against the non-appearing party. The district court has broad discretion to fashion appropriate sanctions for the violation of discovery obligations. United States v. Certain Real Property Located at Route 1, 126 F.3d 1314, 1317 (11th Cir. 1997); see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976). Some of the available sanctions are set forth in Rule 37 as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

---

[1]Again, on October 30, 2009, this Court entered an order directing Defendant to respond to Plaintiff's Motion no later than November 18, 2009, or the Court would proceed to rule as though the Motion were unopposed. (Doc. 28). To date, no response has been filed.

-3-

>    (vii) treating as contempt of court the failure to obey any
>    order except an order to submit to a physical or mental
>    examination.

Fed. R. Civ. P. 37(b)(2)(A); see also Fed. R. Civ. P. 37(c), (d). "Instead of or in addition to" the sanctions listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party,[2] or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

## IV. ANALYSIS

### A. Defendant Must Provide and Prepare a Corporate Representative for a Rule 30(b)(6) Deposition

It is undisputed that Defendant's corporate representative failed to appear for the Rule 30(b)(6) deposition properly noticed by Plaintiff. Defendant provides no explanation as to why a corporate representative failed to appear at said deposition. The only information presented to the Court regarding this issue is an email composed by Defendant's counsel stating Defendant "has no employees and therefore has no one who can appear to represent the corporation." (Doc. 28-B). For the reasons stated below, the Court finds this reasoning is insufficient.

Federal Rule of Civil Procedure 30(b)(6) allows a party to "name as the deponent a public or private corporation …." Upon doing so, "the *organization* so named *shall designate* one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Id. (emphasis added). That corporation has the duty to

---

[2]Plaintiff does not seek sanctions against Defendant's counsel. See (Doc. 28, p. 2).

"make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters." Buycks-Roberson v. Citibank Federal Savings Bank, 162 F.R.D. 338, 342 (N.D. Ill. 1995). This means that a corporation must prepare the corporate representative "to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." Beloit Liquidating Trust v. Century Indem. Co., 2003 U.S. Dist. LEXIS 2082, at *6, 2003 WL 355743, at *2 (N.D. Ill. 2003). Additionally, courts have required parties to redesignate a corporate representative to testify where a witness initially chosen was unable or unprepared to testify. See, e.g., Id., 2003 U.S. Dist. LEXIS 2082, at *6, 2003 WL 355743, at *2 (If the deponent is unable to answer questions about certain relevant areas of inquiry, then the corporation must designate another individual to satisfy a Rule 30(b)(6) notice.); Smithkline Beechman Corp. et al v. Apotex Corp. et al, 2000 U.S. Dist. LEXIS 667, at *25 , 2000 WL 116082, at *8 (N.D. Ill. 2000) ("If a deponent is unable to testify about certain relevant areas of inquiry the business entity must designate additional parties to satisfy a Rule 30(b)(6) notice.").

      The situation presented in the instant case is not uncommon. In City of Chicago, Ill. v. Wolf, 1993 U.S. Dist. LEXIS 6810, 1993 WL 177020 (N.D. Ill. 1993), the plaintiffs subpoenaed two corporations to produce documents and corporate representatives for deposition, pursuant to Rule 30(b)(6). The corporations produced the requested documents, but did not produce a corporate representative for the deposition. Id. The

Court held that corporations do not have a Fifth Amendment privilege and can be compelled to answer questions, even if this means that the corporations must retain a person not previously associated with the corporation so that person can answer the questions. Id.; see also SEC v. Mut. Benefits Corp., 2008 U.S. Dist. LEXIS 6178, at *15, 2008 WL 239167, at *3 (S.D. Fla. 2008); Martinez v. Majestic Farms, Inc., 2008 U.S. Dist. LEXIS 6121, at *7, 2008 WL 239164, at *2 (S.D. Fla. 2008) (holding it is undisputed that a Defendant corporation does not have a Fifth Amendment privilege against self-incrimination, and, so must provide a corporate representative for a deposition). If the retained corporate representative has limited or no knowledge, he must be provided with sufficient knowledge. Wolf, 1993 U.S. Dist. LEXIS 6810, 1993 WL 177020.

The undersigned finds that Wolf provides the best procedure to follow here.[3] Therefore, on or before December 4, 2009,[4] Defendant must designate a corporate representative for its Rule 30(b)(6) deposition. Said corporate representative must have knowledge of noticed subject matter. If there is no person presently associated with Defendant with sufficient knowledge, Defendant must retain a person not previously associated with the corporation so that person can answer the questions. See SEC, 2008 U.S. Dist. LEXIS 6178, 2008 WL 239167; Martinez, 2008 U.S. Dist. LEXIS 6121,

---

[3] In cases similar to the instant case, the United States District Court for the Southern District of Florida also followed the procedure set forth in Wolf. See SEC, 2008 U.S. Dist. LEXIS 6178, 2008 WL 239167; Martinez, 2008 U.S. Dist. LEXIS 6121, 2008 WL 239164.

[4] According to the Case Management and Scheduling Order entered in the instant case, the discovery deadline is December 4, 2009. See (Doc. 24).

2008 WL 239164. If the retained corporate representative has limited or no knowledge, Defendant must provide him/her with sufficient knowledge. Id.

### B. Plaintiff's Motion For Rule 37 Sanctions Against Defendant Is Granted

It is undisputed that Defendant failed to appear for a deposition in which it was properly noticed. Defendant has not demonstrated its failure was substantially justified, and has not provided this Court with any information that would make the imposition of sanctions unjust. Therefore, the Court will award Plaintiff his reasonable attorney's fees and costs incurred as a result of Defendant's failure to comply with Federal Rule of Civil Procedure 30(b)(6). See Fed. R. Civ. P. 37(b)(2)(c) ("the court must order the disobedient party, ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust").

## V. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Motion for Sanctions (Doc. 28) is **GRANTED in part and DENIED in part.**

2. Defendant shall provide and prepare a corporate representative for a Federal Rule of Civil Procedure 30(b)(6) deposition no later than December 4, 2009.

3. Plaintiff is awarded his reasonable attorney's fees and costs incurred as a result of Defendant's failure to appear for its Rule 30(b)(6) deposition and in bringing the instant Motion.

4. In all other respects, Plaintiff's Motion for Sanctions (Doc. 28) is denied.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  24th  day of November, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record