**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FRANK MARCELLE, and others similarly
situated,

            Plaintiff,

vs.                                            Case No. 3:09-cv-82-J-34MCR

AMERICAN NATIONAL DELIVERY, INC. d/b/a
DHL EXPRESS,

            Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Sanctions (Doc. 33) filed December 23, 2009.

**I.    BACKGROUND**

Plaintiff, Frank Marcelle, brought this action on behalf of himself and those similarly situated, alleging Defendant, American National Delivery Inc., d/b/a DHL Express, violated the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). (Doc. 1). On July 20, 2009, Plaintiff served Defendant with a Notice of Taking Deposition of Organization, seeking to depose Defendant's corporate representative on October 16, 2009. (Doc. 28-A). On October 16, 2009, Defendant's corporate representative failed to appear. (Doc. 28-D).

---

[1] Any party may file and serve specific, written objections hereto with fourteen (14) days after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

On October 29, 2009, Plaintiff moved for sanctions against Defendant for its failure to appear at its properly noticed deposition. (Doc. 30). On November 24, 2009, this Court entered an Order directing Defendant "to provide and prepare a corporate representative for a Federal Rule of Civil Procedure 30(b)(6) deposition no later than December 4, 2009." (Doc. 30, p. 7). Thereafter, Plaintiff's counsel and Defendant's counsel coordinated a deposition to take place on December 4, 2009. (Doc. 33-A). However, despite this Court's Order, Defendant failed to provide a corporate representative for its scheduled deposition.

On December 23, 2009, Plaintiff filed the instant Unopposed Motion for Sanctions against Defendant pursuant to Federal Rule of Civil Procedure 37(b). (Doc. 33). In an abundance of caution, the Court entered an Order directing Defendant to file a response and explain its position. (Doc. 34). On January 4, 2010, Defendant's counsel filed a response stating "Defendant currently has no employees, officers, directors, or shareholders" and therefore it "can discern no basis to object and has no authority to make any objection to the entry of an order granting the sanctions against Defendants as requested." (Doc. 35, ¶¶ 2-3). Accordingly, this matter is ripe for judicial review.

## II. ANALYSIS

Rule 37(b)(2)(A) sets forth sanctions for violation of a discovery order, including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); see also Fed. R. Civ. P. 37(c), (d). "Instead of or in addition to" the sanctions listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party,[2] or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

The sanctions listed in Rule 37(b)(2) are not mutually exclusive. Courts are not limited to these sanctions and have broad discretion in imposing sanctions under Rule 37. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981), cert. denied, 454 U.S. 818, 102 S. Ct. 96, 70 L. Ed. 2d 87 (1982); Dorey v. Dorey, 609 F.2d 1128, 1135 (5th Cir. 1980).[3]

---

[2]Plaintiff does not seek sanctions against Defendant's counsel. (Doc. 33, p. 2).

[3]The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. Bonner v. Prichard, 661
(continued...)

Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. In re Chase & Sanborn Corp. et al, 872 F.2d 397 (11th Cir. 1989). Here, Defendant violated this Court's discovery Order and has failed to demonstrate it was impossible to comply with said Order.[4] The question then becomes what degree of sanctions is appropriate in the instant case? Plaintiff requests this Court enter an Order striking Defendant's Answer (Doc. 9) and entering a default, as well as awarding Plaintiff his reasonable attorney's fees incurred as a result of Defendant's violation. (Doc. 33, p. 2). The Court will address each of these requests.[5]

---

[3](...continued)
F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4]Although the instant Motion is unopposed, the Court recognizes Defendant's assertion that it currently has no employees, officers, directors, or shareholders and no one to appear at the scheduled deposition. (Doc. 33). However, this reasoning is insufficient. As an initial matter, Federal Rule of Civil Procedure 30(b)(6) allows a party to "name as the deponent a public or private corporation …." Fed. R. Civ. P. 30(b)(6). Upon doing so, "the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Id. That corporation has the duty to "make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters." Buycks-Roberson v. Citibank Federal Savings Bank, 162 F.R.D. 338, 342 (N.D. Ill. 1995). If there is no person presently associated with the organization with sufficient knowledge, the organization must retain and prepare a person not previously associated with it so that person can answer the questions. SEC v. Mut. Benefits Corp., 2008 U.S. Dist. LEXIS 6178, 2008 WL 239167 (S.D. Fla. 2008); Martinez v. Majestic Farms, Inc., 2008 U.S. Dist. LEXIS 6121, 2008 WL 239164 (S.D. Fla. 2008). Here, no such effort was made. Additionally, the non-moving party cannot prove impossibility to comply with the discovery order through mere assertions. United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984); see In re Chase & Sanborn Corp., 872 F.2d at 400 (respondent failed to meet burden of production of impossibility to comply in merely asserting that compliance with discovery order would violate its domestic laws). Therefore, the Court finds Defendant has provided this Court with no basis to support a finding of impossibility of compliance with this Court's Order.

[5]Although Defendant's counsel states it "can discern no basis to object ... to the entry of an
(continued...)

### A. Striking Defenses and Default Judgment

Pursuant to the Federal Rule of Civil Procedure 37(b), a party that "fails to obey an order to provide or permit discovery" is subject to a further order imposing sanctions which may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." In order to impose such extreme sanctions, the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, *inter alia*, Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993)).

Here, the Court finds Defendant's failure to attend numerous scheduled depositions was not an innocent oversight, but rather part of a pattern of willful disobedience of discovery obligations and court orders. As a result of Defendant's willful noncompliance, Plaintiff has suffered prejudice by having been denied the ability to promptly resolve his claims against Defendant. See Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, *speedy*, and inexpensive determination of every action") (emphasis added). In some cases, the speedy resolution of a case may be compromised for the sake of ensuring a just result or sparing some expense; in this case, however, Defendant's unreasonable and unjustified

---

[5](...continued)
order granting the sanctions against Defendant as requested" (Doc. 35, ¶ 3), it is still necessary that this Court analyze the degree of sanctions to impose.

refusal to engage in discovery and comply with this Court's Order hindered the just resolution of this cause and increased the cost of the proceedings to all concerned.

Furthermore, the Court finds a lesser sanction would fail to adequately punish Defendant; ensure its future compliance with court orders; and deter others from committing similar acts of misconduct.[6] First, there is no reason to believe Defendant will modify its behavior as it has already failed to attend properly noticed depositions and comply with court orders. See Allstate Ins. Co. v. Palterovich, 2008 U.S. Dist. LEXIS 64909, at *16, 2008 WL 2741119, at *4 (S.D. Fla. 2008). Additionally, as the instant Motion is unopposed, Defendant provides the Court with no basis to believe Defendant wishes to defend this matter. Plaintiff and this Court have been generous with their time and patience, but it is not the responsibility of Plaintiff or this Court to drag Defendant, "kicking and screaming[,] through discovery." Carlucci v. Piper Aircraft Corp., 102 F.R.D. 472, 489 (S.D. Fla. 1984). Therefore, the Court finds that striking Defendant's answer and entering a default, although drastic, is warranted as lesser sanctions would not suffice.[7]

---

[6]The purposes sanctions should serve include: "(1) compensating the court and other parties for the added expense caused by the abusive conduct; (2) compelling discovery; (3) deterring others from engaging in similar conduct; and (4) penalizing the guilty party or attorney." Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1453 (11th Cir. 1985).

[7]The Court notes that this Circuit, and others, have repeatedly allowed the imposition of such extreme sanctions for discovery violations similar to that of the instant case. See Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987) (striking of the answer and entry of default judgment warranted where the defendant had failed to comply with court order compelling discovery); Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986) (district court did not abuse its discretion in entering order striking answer as sanctions for plaintiffs' noncompliance with discovery orders); United States v. $ 239,500 In U.S. Currency, 764 F.2d 771 (11th Cir. 1985) (dismissal of claims for failure to attend deposition); Adolph Coors Co. v Movement Against Racism, 777 F.2d 1538 (11th Cir.
(continued...)

### B. Monetary Sanctions

Pursuant to Federal Rule of Civil Procedure 37, monetary sanctions must be imposed on any party who fails to appear at deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Defendant has not demonstrated its failure was substantially justified and has not provided this Court with any information that would make the imposition of sanctions unjust. Therefore, the Court finds an award of reasonable attorney's fees and costs incurred as a result of Defendant's failure to comply with Federal Rule of Civil Procedure 30(b)(6) is justified here.

## III. CONCLUSION

Accordingly, after due consideration, it is

**RECOMMENDED:**

Plaintiff's Unopposed Motion for Sanctions (Doc. 33) be **GRANTED** and the following sanctions be imposed against Defendant:

1. Defendant's Answer and Affirmative Defenses (Doc. 9) be stricken and default judgment as to liability be entered against it.

2. Plaintiffs are awarded their attorney's fees and costs reasonably

---

[7](...continued)
1985)(default judgment entered because defendants refused to comply with discovery order); Shawmut Boston International Banking Corporation v. Duque-Pena, 767 F.2d 1504 (11th Cir.1985) (default judgment entered as a sanction for, *inter alia*, failure to attend deposition); Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir. 1984) (dismissal for plaintiff's failure to appear at scheduled depositions); Bonaventure v. Butler, 593 F.2d 625 (5th Cir. 1979) (plaintiff's suit dismissed for refusals to appear for scheduled depositions); Diaz v. S. Drilling Corp., 427 F.2d 1118, 1126-27 (5th Cir. 1970) (affirming imposition of default judgment as a sanction based upon a party's failure to attend three properly noticed depositions).

incurred in connection with this Motion, and those fees and costs incurred as a result of Defendants past and continued failure to appear for properly noticed depositions.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  12th  day of January, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
    United States District Court Judge

Counsel of Record