UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK MARCELLE, and others similarly
situated,

           Plaintiffs,

vs.                                        Case No. 3:09-cv-82-J-34MCR

AMERICAN NATIONAL DELIVERY, INC.
d/b/a DHL EXPRESS,

           Defendant.
_____/

# O R D E R[1]

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 37; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on January 12, 2010. In the Report, Magistrate Judge Richardson recommends that the Court grant Plaintiff Frank Marcelle's Unopposed Motion for Sanctions (Doc. No. 33), strike Defendant's Answer and Affirmative and Other Defenses (Doc. No. 11; Answer), and enter "default judgment as to liability" against Defendant. See Report at 7.[2] In addition, Judge Richardson recommends that this Court award Plaintiff the attorney's fees and costs incurred in connection with the Unopposed Motion for Sanctions, as well as "those fees and costs

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] In the Report, the Magistrate Judge identifies Defendant's Answer as Document Number 9. See Report at 7. However, Document Number 9 is a Notice of Appearance that was mistakenly filed in this case and labeled as Defendant's Answer. See Doc. No. 9. Defendant's actual Answer is located at Document Number 11, and the Court will interpret the Report as referring to that entry. See Doc. No. 11.

incurred as a result of Defendants [sic] past and continued failure to appear for properly noticed depositions." Id. at 7-8. Although the time for doing so has passed, neither party has filed any objections to the Report. See generally Docket. Accordingly, this matter is ripe for resolution.

**I.     Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

**II.    Background**

On January 30, 2009, Plaintiff filed the Complaint and Demand for Jury Trial (Doc. No. 1; Complaint), on behalf of himself and those similarly situated. In the Complaint, Plaintiff alleges that Defendant American National Delivery, Inc. d/b/a DHL Express violated the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 216(b). Complaint ¶ 10. On February 26, 2009, Plaintiff filed a Notice of Filing Consent to Join for Opt-In Plaintiffs, Alex Crimely and Andre Whitaker, Jr. (Opt-In Plaintiffs). See Notice of Filing Consent to Join (Doc. No. 7). After requesting and receiving an extension of time, Defendant filed its Answer on March 16, 2009. See Defendant's Motion for Extension of Time (Doc. No.

6), filed February 26, 2009; Endorsed Order (Doc. No. 8); Answer. Thereafter, Plaintiff requested that the Court enter an order conditionally certifying the case as a collective action pursuant to 29 U.S.C. § 216(b). See Plaintiffs' Motion for Conditional Certification of Collective Action and Permission to Send Court Supervised Notice Advising Similarly Situated Individuals of Their Opt-In Rights Pursuant to 29 U.S.C. § 216(b) and Incorporated Memorandum of Law (Doc. No. 17; Motion for Conditional Certification), filed May 12, 2009. Defendant opposed the Motion for Conditional Certification. See Defendant's Memorandum in Opposition of Plaintiff's Motion for Conditional Certification (Doc. No. 21; Memorandum in Opposition), filed May 27, 2009. In its December 3, 2009 Order, the Court denied Plaintiff's Motion for Conditional Certification, but accepted the Notice of Filing Consent to Join and directed the Clerk of the Court to join Alex Crimely and Andre Whitaker, Jr. as named plaintiffs in this action. See Order (Doc. No. 31) at 10.

The progress of the case came to a halt, however, beginning in July 2009, when Plaintiff served Defendant with a Notice of Taking Deposition of Organization. See Motion for Sanctions (Doc. No. 28), Ex. A: Notice of Taking Deposition of Organization (Notice). In the Notice, Plaintiff advised Defendant that it sought to depose Defendant's corporate representative, in accordance with Rule 30(b)(6), Federal Rules of Civil Procedure (Rule(s)), on October 16, 2009, and described those matters on which it intended to question the representative.[3] Id. at 1-2. However, Defendant's corporate representative failed to appear at the scheduled deposition. See Motion for Sanctions (Doc. No. 28), Ex. D: Certificate of

---

[3] Rule 30(b)(6) allows a party to name a private corporation as a deponent. In doing so, the party must describe with reasonable particularity the matters for examination. See Rule 30(b)(6). The named corporation must then designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Id.

Non-Appearance. As a result, on October 29, 2009, Plaintiff filed a Motion for Sanctions (Doc. No. 28; First Motion for Sanctions) seeking an award of attorney's fees and requesting that the Court "strike Defendant's Answer and Affirmative Defenses and enter a default against Defendant." First Motion for Sanctions ¶ 5. In the First Motion for Sanctions, Plaintiff stated that "counsel for Defendant sent [Plaintiff] an email informing him that the Defendant 'has no employees' and 'has no one who can appear to represent the corporation.'" Id. ¶ 2; id., Ex. B. In addition, Plaintiff represented to the Court that "counsel for Defendant takes no position on the Motion as he has no client to authorize him to do so." Id. at 2. In light of these representations, the Magistrate Judge entered an Order on October 30, 2009, directing Defendant to respond to the First Motion for Sanctions or the Court would treat it as unopposed. Order (Doc. No. 29) at 1. After Defendant failed to file a response, see Order (Doc. No. 30) at 2, Judge Richardson entered an Order awarding Plaintiff the attorney's fees he incurred as a result of Defendant's failure to appear for its deposition, and in filing the First Motion for Sanctions. Order (Doc. No. 30) at 7. Additionally, Judge Richardson directed Defendant to prepare and provide a corporate representative for a Rule 30(b)(6) deposition no later than December 4, 2009. Id. Judge Richardson instructed that "[i]f there is no person presently associated with Defendant with sufficient knowledge, Defendant must retain a person not previously associated with the corporation so that person can answer the questions." Id. at 6.

On December 2, 2009, Plaintiff served Defendant with a Second Amended Notice of Taking Deposition of Organization Telephonically, seeking to depose Defendant's Rule 30(b)(6) corporate representative on December 4, 2009. See Unopposed Motion for

Sanctions (Doc. No. 33), Ex. A at 1. Despite the previous Court Order, Defendant again failed to provide a corporate representative for its deposition. See Unopposed Motion for Sanctions (Doc. No. 33; Second Motion for Sanctions) ¶ 3. As a result, Plaintiff filed the instant Second Motion for Sanctions, again seeking an award of attorney's fees and costs, and requesting that the Court strike Defendant's Answer and enter a default against it. See Second Motion for Sanctions at 1-2. In the Second Motion for Sanctions, Plaintiff represented to the Court that "Defendant is unopposed to the relief sought herein." Id. at 2. In an abundance of caution, the Court entered an Order on December 30, 2009, directing Defendant to file a response to the Second Motion for Sanctions explaining its lack of opposition to Plaintiff's request for entry of default. See Order (Doc. No. 34). On January 4, 2010, Defendant filed its Response to Court's Order of December 30, 2009 (Doc. No. 35; Response to Court's Order), in which counsel represented that Defendant ceased doing business in March 2009, and currently has no employees, officers, directors, or shareholders. Response to Court's Order ¶¶ 1-2. In addition, counsel for Defendant stated that he "has no one who can authorize him to take any position with respect to this lawsuit or to defend it in any manner." Id. ¶ 2.

After considering the representations in the Second Motion for Sanctions and Response to Court's Order, as well as the record in this action, the Magistrate Judge entered the Report recommending an award of attorney's fees and entry of default judgment as to liability. In the Report, Judge Richardson concluded that Defendant neither complied with the prior discovery Order, nor established that it was unable to do so. See Report at 4. As such, Judge Richardson found that Defendant's failure to attend the depositions and comply

with his discovery Order was "part of a pattern of willful disobedience." Id. at 5. In addition, the Magistrate Judge determined that Defendant's conduct prejudiced Plaintiff by denying him the ability to promptly resolve his claims against Defendant and increasing the cost of the proceedings. Id. at 5-6. Finally, Judge Richardson concluded that a lesser sanction would not suffice in light of the fact that Defendant does not oppose the Second Motion for Sanctions and thus, the Court has no basis to believe that Defendant wishes to defend this matter. Id. at 6. Accordingly, Judge Richardson recommended the entry of default judgment as to liability and an award of attorney's fees and costs incurred as a result of Defendant's failure to appear for its deposition. Id. at 6-7.

**III.     Discussion**

Pursuant to Rule 37(d), the Court, on motion, may order sanctions if "a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." See Rule 37(d). In addition, Rule 37(b)(2) authorizes the Court to impose sanctions "[i]f a party . . . or a witness designated under Rule 30(b)(6) . . . fails to obey an order to provide or permit discovery . . . ." See Rule 37(b)(2)(A). The sanctions specifically authorized by Rules 37(d) and 37(b)(2) include: "striking pleadings in whole or in part," as well as "rendering a default judgment against the disobedient party." See Rule 37(d)(3); Rule 37(b)(2)(A)(iii); (vi). Thus, under these Rules, Defendant's failure to provide a corporate representative for the scheduled depositions provides two independent grounds for sanctions. First, the non-appearance for the deposition on October 16, 2009, is sanctionable under Rule 37(d). Second, Defendant's failure to have a corporate representative attend the December 4, 2009 deposition is sanctionable under Rule 37(b),

because Defendant violated the Magistrate Judge's Order to appear at that deposition. As such, the Court must next consider whether the recommended sanction of default judgment as to liability and an award of attorney's fees and costs is warranted due to the combination of these acts and the circumstances of this case.

"[T]he decision to enter a default judgment[ ] ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) (alteration added); Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." Malautea, 987 F.2d at 1542. Moreover, as a sanction, default judgment is appropriate only "'when less drastic sanctions would not ensure compliance with the court's orders.'"[4] In re Sunshine Jr. Stores, Inc., 456 F.3d 1291,

---

[4] The Court declines to adopt the portion of the Report that states that a court must find "that the moving party was prejudiced by [the failure to obey a discovery order]" before it can impose the sanction of default judgment. See Report at 5. While prejudice to the moving party is certainly a relevant consideration in determining whether a lesser sanction will suffice, the Court is not convinced that Eleventh Circuit precedent requires a showing of prejudice before a court can impose the sanction of default judgment or dismissal. See Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 482 (11th Cir. 1982) (per curiam) ("Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process."); Phillips v. Ins. Co. of N. Am., 633 F.2d 1165, 1168 (5th Cir. Unit B 1981) ("In view of the need to deter dilatory conduct in the discovery process and the clear finding of willful abuse by the district court, we find no abuse of discretion for failure to order a less severe sanction."); compare Malautea, 987 F.2d at 1542-44 (holding that the imposition of default judgment was proper without discussing how defendant's misconduct may have prejudiced the opposing party) and Goodman v. New Horizons Community Serv. Bd, No. 05-14717, 2006 WL 940646, at *1-*2 (11th Cir. April 12, 2006) (per curiam) with Ford v. Fogarty Van Lines, Inc., 780 F.2d 1582, 1583 (11th Cir. 1986) (mentioning that the opposing party was not prejudiced by the plaintiff's misconduct after determining that dismissal was not warranted due to the absence of a clear record of delay and contumacious conduct) and Wouters v. Martin County, Fla., 9 F.3d 924, 934 (11th Cir. 1993); see also Nat'l Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (holding that "the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities," despite the likelihood that if the dismissal order was reversed, the party would promptly comply with future discovery orders). Because the Court agrees with the Magistrate Judge's finding that Defendant's conduct has prejudiced Plaintiff
(continued...)

1306 (11th Cir. 2006) (quoting Malautea, 987 F.2d at 1542). Nevertheless, "a default sanction may be proper even when not preceded by the imposition of lesser sanctions. When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." Malautea, 987 F.2d at 1544.

While it is often the case that a court cannot determine whether a party's conduct is sufficiently intentional and egregious to warrant default judgment until the party has violated some number of court orders, the record in this case is entirely sufficient to convince the undersigned that Defendant's disregard of its discovery obligations and the Magistrate Judge's Order was willful and in bad faith such that default judgment is an appropriate sanction. See United States v. One 32' Scorpion Go-Fast Vessel, 339 F. Appx. 903, 904-906 (11th Cir. 2009) (approving the sanction of dismissal where claimant willfully failed to comply with a discovery order); Albright v. BellSouth Advertising & Publishing Corp., No. 1:06-cv-821-WSD, 2007 WL 2917567, at *3 (N.D. Ga. Oct. 5, 2007) (dismissing plaintiff's complaint where plaintiff failed to attend her deposition and then again failed to appear in defiance of a court order). Moreover, despite having the opportunity to do so, Defendant has not offered any explanation for its misconduct.[5] Defendant did not respond at all to the First

---

[4](...continued)
in this action, the Court need not resolve the question of whether a showing of prejudice is required.

[5] "Principles of due process require that a party have adequate notice of the consequences of the conduct for which he has been sanctioned." Goodman v. New Horizons Community Serv. Bd., 2006 WL 940646, at *2 (11th Cir. April 12, 2006) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 632 (1962)). Although the Magistrate Judge's previous Order (Doc. No. 30) did not explicitly warn Defendant that failure to comply with the Court Order could result in the entry of default judgment, the Court finds that Defendant had adequate notice of the consequences of its conduct. Both Motions for Sanctions requested the entry of default judgment, yet Defendant took "no position" on the first and was "unopposed" to the second. First Motion for Sanctions at 2; Second Motion for Sanctions at 2. Indeed, after the Court specifically ordered Defendant to respond to the Second Motion for Sanctions, Defendant
(continued...)

Motion for Sanctions, and in its Court-Ordered response to the Second Motion for Sanctions stated only that "Defendant has ceased doing business" and that "Defendant currently has no employees, officers, directors, or shareholders." Response to Court's Order ¶¶ 1-2. This excuse was previously rejected by the Magistrate Judge, see Order (Doc. No. 30) at 4-7, yet Defendant offered no further explanation or evidence to suggest that it was impossible for it to designate some other person, not previously associated with the corporation, as its representative.[6] Indeed, Defendant through counsel acknowledged that it could discern "no basis to object" to Plaintiff's request for default judgment. See Response to Court's Order ¶ 3. These representations convince the Court that Defendant willfully failed to even attempt to comply with the Magistrate Judge's Order and has no intention of defending or participating in this action any further. See id. at 1.

---

[5](...continued)
stated that it could "discern no basis to object . . . to the entry of an order granting the sanctions against Defendant as requested." Response to Court's Order at 1. Moreover, Defendant did not file any objections to the Report recommending the entry of default judgment. See generally Docket. Accordingly, the Court is satisfied that Defendant had adequate notice of the potential for default judgment against it, and sufficient opportunity to oppose the requested sanction, such that due process requirements are met.

[6] Presumably, though not specifically argued, Defendant believes that its lack of employees, officers, directors or shareholders renders it unable to comply with its discovery obligations and Judge Richardson's Order. However, to succeed on a defense of impossibility, Defendant must show that it made "'all reasonable' efforts to comply" and to do so, "'must go beyond a mere assertion of inability and satisfy [its] burden of production on the point by introducing evidence in support of [its] claim.'" In re Chase & Sanborn Corp., 872 F.2d 397, 400 (11th Cir. 1989) (alteration added) (quoting United States v. Rizzo, 539 F.2d 458, 465 (5th Cir. 1976) and United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984)). Thus, because Defendant failed to provide the Court with any evidence that, despite making "reasonable efforts," it was unable to comply with the Magistrate Judge's Order, Defendant can not avoid sanctions on the basis of any alleged inability to comply with its obligations. See Hyde & Drath v. Baker, 24 F.3d 1162, 1167-68 (9th Cir. 1994) (upholding a dismissal of plaintiff's claims after plaintiff failed to appear for its court-ordered deposition, despite plaintiff's claim that it had been dissolved and had no current or former officers under its control) ("Given the lack of proof corroborating [Plaintiff's] claim, the court did not abuse its discretion in finding [Plaintiff] at fault [for its failure to appear at its deposition] and in imposing sanctions.").

Moreover, Defendant's claim that there is no longer any one who can act as its corporate representative is not well taken given that previously, Defendant actively participated in this case, even after its March 2009 cessation of operations. See Defendant's Motion for Extension of Time (Doc. No. 6), filed February 26, 2009; Answer, filed March 16, 2009; Defendant's Verified Summary of Wages Paid and Hours Worked (Doc. No. 14), filed April 2, 2009; Defendant's Response to Order to Show Cause (Doc. No. 20), filed May 20, 2009; Memorandum in Opposition, filed May 27, 2009. Indeed, Defendant's President, Sohrab Bagheri, provided an affidavit, dated May 27, 2009, in support of Defendant's Memorandum in Opposition to Plaintiff's Motion for Conditional Certification. See generally Memorandum in Opposition, Ex. A: Statement. Thus, even if Defendant ceased doing business in March 2009, Response to Court's Order ¶ 1, Defendant still had people acting on its behalf after that time and during the course of this litigation. See generally Doc. Nos. 14, 20, 21, 23.

Based on this record, it appears that during the pendency of this case Defendant's corporate representatives have deliberately distanced themselves from Defendant in order to avoid participating in this action. This decision to disassociate themselves from Defendant after previously knowing of, and participating in, this litigation demonstrates an intentional decision to abandon Defendant's defense and a bad faith choice not to comply with its discovery obligations or the Magistrate Judge's Order. As such, the Court finds that the sanction of entry of default is warranted to punish and deter this type of willful and bad faith litigation conduct. See Nat'l Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (holding that the most severe sanctions "must be available to the district court in

appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

Additionally, Defendant's defiance of the Magistrate Judge's Order and abandonment of its defense convince the Court that no lesser sanction than default judgment will suffice. Pickett v. Exec. Preference Corp., No. 6:05-cv-1128-Orl-31DAB, 2006 WL 2947844, at *2 (M.D. Fla. Oct. 16, 2006) ("As it is plain that Defendant . . . has abandoned its defense and has failed to comply with a Court Order . . . [the Court will] strike its pleadings, and enter a default against it. Absent any indication that the corporation intends to participate in this case, no lesser sanction will suffice."); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985) (holding that where defendants made clear that under no circumstances would they comply with the court's order, the only effective remedy was the entry of a default judgment and assessment of damages). Indeed, lesser sanctions have already proven ineffective given that Defendant failed to appear for the second scheduled deposition even after Judge Richardson awarded Plaintiff his attorney's fees for Defendant's failure to attend the first deposition. See Order (Doc. No. 30) at 7. The Court will not engage in the "vain gesture" of again imposing a lesser sanction when it is evident from the record that Defendant has abandoned its defense and has no intention of ever complying with its discovery obligations. In light of the foregoing, and pursuant to the Court's authority under Rules 37(b) and (d), the entry of default judgment as to liability is warranted against Defendant and in favor of Marcelle and the Opt-In Plaintiffs.

See United States v. $239,500 in U.S. Currency, 764 F.2d 771, 773 (11th Cir. 1985) (per curiam).

Default, however, is merely "'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" Ward v. Real Ships, Inc., No. 09-0065-WS-N, 2009 WL 2783217, at *3 (S.D. Ala. Aug. 31, 2009) (quoting Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)). Thus, before entering default judgment, the Court must ensure that it has jurisdiction of the claims and that the Complaint adequately states a claim for which relief may be granted. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). In the Complaint, Plaintiff asserts a claim for a violation of the overtime provisions of the FLSA, 29 U.S.C. § 207. Accordingly, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). In addition, the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward." Sec'y of Labor v. Labbe, 319 F. Appx. 761, 762 (11th Cir. 2008). The elements are "simply a failure to pay overtime compensation . . . to covered employees. . . ." Id. (internal citations omitted) (citing Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005)). Plaintiff alleges that Defendant is in the business of "courier services" and is an "employer" within the purview of the FLSA. See Complaint ¶ 5; 29 U.S.C. § 203(d). Plaintiff asserts that he was employed by Defendant as a

"driver/courier" in Jacksonville, Florida, responsible for driving and delivering packages, that he was engaged in commerce within the meaning of the FLSA, that he was paid on a salary basis, and that Defendant violated the FLSA by compelling him to work more than forty hours per week and not paying him full overtime compensation. See Complaint at 2-3; Motion for Conditional Certification, Ex. 1: Declaration of Frank Marcelle; see 29 U.S.C. § 203(b). As such, the Court is satisfied that it has jurisdiction over this action and that the Complaint adequately states a claim for which relief can be granted.

Thus, the Court turns next to the issue of damages. "[E]ven in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters.'" Ward, 2009 WL 2783217, at *4 (quoting Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)). Ordinarily, an evidentiary hearing is required to determine the amount of damages, however, where the record is sufficient, a court may be able to determine damages without a hearing. See id.; Rule 55(b)(2)(B); see also Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005). Upon review of the record, the Court will refer this matter to the Magistrate Judge for a recommendation as to the appropriate amount of damages, and to conduct, if necessary, an evidentiary hearing on the matter. See Smyth, 420 F.3d at 1232 n.13 (stating that no hearing is necessary "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages").

Finally, the Court determines that an award of attorney's fees and costs is appropriate pursuant to Rule 37(b)(2)(C). Rule 37(b)(2)(C) provides that the Court "must order the

disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Defendant has identified, and the Court independently can discern, no basis that would render an award of attorney's fees and costs unjust in this matter. Nor has Defendant offered any substantial justification for its willful refusal to comply with the Magistrate Judge's Order. To the extent Defendant argued that its lack of directors, officers, shareholders or employees prevented it from complying with the Order, Defendant has failed to submit any evidence in support of this contention. See Response to Court's Order at 1. In light of the foregoing, the Court will accept the Magistrate Judge's recommendation that the Court grant Plaintiff's request for attorney's fees and costs.

Accordingly, after an independent examination of the record and a de novo review of the legal conclusions, the Court will adopt the recommendations of the Magistrate Judge to the extent they are consistent with the foregoing. As such, it is

**ORDERED**:

1. Magistrate Judge Richardson's Report and Recommendation (Doc. No. 37) is **ADOPTED** to the extent it is consistent with the foregoing.

2. Plaintiff's Unopposed Motion for Sanctions (Doc. No. 33) is **GRANTED** as follows:

   A. Defendant American National Delivery, Inc. d/b/a DHL Express's Answer and Affirmative and Other Defenses (Doc. No. 11) is **STRICKEN**.

B. Defendant is in default, and the factual allegations in the Complaint (Doc. No. 1) are deemed admitted by Defendant.

C. In accordance with 28 U.S.C. § 636(b) and Local Rule 6.01(b), the undersigned refers the determination of the damages issue to the Honorable Monte C. Richardson, United States Magistrate Judge, for a recommendation as to the appropriate award of damages against Defendant.

D. To the extent Plaintiff is seeking an award of attorney's fees and costs, that determination is within the authority of, and properly before, the Magistrate Judge as part of the Unopposed Motion for Sanctions. Accordingly, Plaintiff should file an affidavit setting forth its requested costs and attorney's fees for the Magistrate Judge's consideration and resolution.[7]

**DONE AND ORDERED** at Jacksonville, Florida on April 23, 2010.

MARCIA MORALES HOWARD
United States District Judge

---

[7] The Magistrate Judge may, in his discretion, require the parties to attempt to confer and resolve this matter before expending additional fees litigating the amount of such an award, or set any additional briefing which he deems appropriate. Regardless, any determination regarding an award of attorney's fees as a result of the Unopposed Motion for Sanctions need not be made in a report and recommendation.

lc11
Copies to:

Counsel of Record
Pro Se Parties