## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

FRANK MARCELLE, and others similarly
situated,

                Plaintiffs,

vs.                                          Case No. 3:09-cv-82-J-34MCR

AMERICAN NATIONAL DELIVERY, INC. d/b/a
DHL EXPRESS,

                Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Entry of Final Default Judgment Against Defendant (Doc. 43) filed May 27, 2010.

**I.    BACKGROUND**

Plaintiff, Frank Marcelle, brought this action on behalf of himself and those similarly situated, alleging Defendant, American National Delivery Inc., d/b/a DHL Express, violated the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). (Doc. 1). On July 20, 2009, Plaintiffs served Defendant with a Notice of Taking Deposition of Organization, seeking to depose Defendant's corporate representative on October 16, 2009. (Doc. 28-A). On October 16, 2009, Defendant's corporate representative failed to appear. (Doc. 28-D).

---

[1]Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

On October 29, 2009, Plaintiffs moved for sanctions against Defendant and the undersigned entered an Order directing Defendant "to provide and prepare a corporate representative for a Federal Rule of Civil Procedure 30(b)(6) deposition no later than December 4, 2009." (Doc. 30, p. 7). However, despite this Court's Order, Defendant failed to provide and prepare a corporate representative.

On December 23, 2009, Plaintiffs filed an Unopposed Motion for Sanctions against Defendant pursuant to Federal Rule of Civil Procedure 37(b). (Doc. 33). On April 23, 2010, the Honorable Marcia Morales Howard entered an Order granting Plaintiffs' Motion for Sanctions, striking Defendant's Answer and Affirmative Defenses, and holding Defendant in default. (Doc. 38). In said Order, the determination of damages was referred to the undersigned for a recommendation as to the appropriate award. (Doc. 38, p. 15). On April 27, 2010, the undersigned directed the parties to confer regarding the appropriate award and if no resolution could be reached, the Court directed the parties to file memoranda regarding the same. See (Docs. 40, 42).

On May 27, 2010, Plaintiffs filed the instant Motion for Entry of Final Default Judgment Against Defendant and included a memorandum addressing the appropriate award of damages and attorneys' fees and costs. (Doc. 43). On June 4, 2010, Defendant filed a response to Plaintiffs' Motion and stated that "he can maintain no opposition." (Doc. 44).

**II.    ANALYSIS**[2]

The Fair Labor Standards Act provides:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce ... for a workweek longer than forty hours ... unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2)(c).  Additionally, under the FLSA, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages. Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008); see also 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the ... employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages.").

As set forth in Plaintiff Frank Marcelle's affidavit, Mr. Marcelle was employed by Defendant from September 4, 2007 through June 19, 2008.  See (Doc. 43-1, ¶ 4). During his employment, Mr. Marcelle was paid a salary of $450.00 per week.  (Id. at ¶ 5).  From September 4, 2007 through June 19, 2008, Mr. Marcelle worked approximately 17 total overtime hours per week for 36 weeks and did not receive his

---

[2]To establish a *prima facie* case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendant employed him or her; (2) Defendant is an enterprise engaged in interstate commerce covered by the FLSA (or Plaintiff is otherwise covered under FLSA); (3) Plaintiff actually worked in excess of a 40-hour workweek; and (4) Defendant did not pay any overtime wages to him/her. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008).  Each of these elements have been adequately plead and deemed admitted by Defendant. See (Doc. 1, pp. 1-6; Doc. 38, p. 15).  Accordingly, Plaintiffs have established a *prima facie* case under the FLSA and the Court will limit its discussion to the issue of damages and attorneys' fees and costs.

half rate of pay. (Id. at ¶ 6). Mr. Marcelle asserts that he is owed a total of 612 hours of unpaid wages, totaling $2,417.40 (36 weeks x 17 OT hrs. per week = 612 Total OT hours, 612 Total OT hours x $3.95 (½ time) = $2,417.40). (Id. at ¶ 7). When adding the liquidated damages amount of $2,417.40, Mr. Marcelle is owed a total of $4,834.80 for unpaid wages and liquidated damages. As Defendant has offered no argument to the contrary, the Court accepts Mr. Marcelle's assertions as true and recommends he is entitled to damages in the amount of $4,834.80.

As set forth in Plaintiff Andre Whitaker, Jr.'s affidavit, Mr. Whitaker was employed by Defendant from May 1, 2005 through January 27, 2009. See (Doc. 43-2, ¶ 4). During his employment, Mr. Whitaker was paid a salary of $12.50 per hour. (Id. at ¶ 5). From May 1, 2005 through January 27, 2009, Mr. Whitaker worked approximately 20 total overtime hours per week for 128 weeks and did not receive his half rate of pay. (Id. at ¶ 6). Mr. Whitaker asserts that he is owed a total of 2,560 hours of unpaid wages, totaling $16,000.00 (128 weeks x 20 OT hrs. per week = 2,560 Total OT hours, 2,560 Total OT hours x $6.25 (½ time) = $16,000.00). (Id. at ¶ 7). When adding the liquidated damages amount of $16,000.00, Mr. Whitaker is owed a total of $32,000.00 for unpaid wages and liquidated damages. As Defendant has offered no argument to the contrary, the Court accepts Mr. Whitaker's assertions as true and recommends he is entitled to damages in the amount of $32,000.00.

As set forth in Plaintiff Alex Crimely's affidavit, Mr. Crimely was employed by Defendant from July 2005 through January 4, 2008. See (Doc. 43-3, ¶ 4). During his employment, Mr. Crimely was paid a salary of $7.50 per hour. (Id. at ¶ 5). From July

2005 through January 4, 2008, Mr. Crimely worked approximately 25 total overtime hours per week for 92 weeks and did not receive his half rate of pay. (Id. at ¶ 6). Mr. Crimely asserts that he is owed a total of 2,300 hours of unpaid wages, totaling $25,875.00 (92 weeks x 25 OT hrs. per week = 2,300 Total OT hours, 2,300 Total OT hours x $11.25 (1 ½ time) = $25,875.00). (Id. at ¶ 7). However, if no wage was paid for the overtime hours, Plaintiff is entitled to time and a half; but if straight time was paid, Plaintiff is entitled to the half time rate he did not receive (plus liquidated damages, if applicable). See 29 U.S.C. § 207. Here, it appears from the Motion and attached affidavit, that straight time was paid to Mr. Crimely for his overtime work.[3] Therefore, he would only be entitled to his past due wages on a half time basis, totaling $8,625.00 (92 weeks x 25 OT hrs. per week = 2,300 Total OT hours, 2,300 Total OT hours x $3.75 (½ time) = $8,625.00). When adding the liquidated damages amount of $8,625.00, Mr. Crimely is owed a total of $17,250.00 for unpaid wages and liquidated damages.

With regard to Plaintiffs' attorneys' fees and costs incurred as a result of the instant litigation, the FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), the Supreme Court stated, "[t]he most

---

[3]According to the instant Motion, Mr. Crimely "did not receive his half rate of pay from [Defendant] for those hours worked." (Doc. 43, p. 5). Additionally, in his affidavit, Mr. Crimeley states he "was paid an hourly rate of $7.50 for all hours worked" and "did not receive any *additional* compensation for those hours worked." (Doc. 43-1, ¶¶ 5-6) (emphasis added).

useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." Id. at 434; accord Norman v. Hous. Auth., 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Here, Plaintiffs' counsel incurred attorneys' fees in the amount of $4,390.00. The Court has reviewed the Affidavit of Plaintiffs' Attorney's Fees and Costs as well as the billing ledgers and, as there is no objection, finds the number of hours expended and the hourly rates appear to be reasonable. Additionally, because an award of costs is mandatory under the FLSA, see 29 U.S.C. § 216(b), and because the requested amount of costs appears reasonable and has not been objected to, the undersigned recommends the Court award litigation costs in the amount of $670.00. Therefore, this Court recommends Plaintiffs are entitled to an award of attorneys' fees and costs in the amount of $5,060.00, as the prevailing party under the FLSA.[4]

## III. CONCLUSION

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

Plaintiffs' Motion for Entry of Final Default Judgment Against Defendant

---

[4]This recommendation includes all attorneys' fees and costs incurred by Plaintiffs' counsel as a result of the instant litigation.

(Doc. 43) be **GRANTED** and a judgment be entered against Defendant, American National Delivery, Inc., d/b/a DHL Express, for unpaid wages and liquidated damages in the amount of $54,084.80 and attorneys' fees and costs in the amount of $5,060.00.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  23rd  day of June, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
    United States District Court Judge

Counsel of Record
Any Unrepresented Party